# EMERGENCY MOTION UNDER CIRCUIT RULE 27-3

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE THE CENTER FOR ) | |
| MEDICAL PROGRESS, et al., ) | |
| ) | |
| THE CENTER FOR MEDICAL ) | |
| PROGRESS, et al., ) | |
|     Petitioners, ) | |
| ) | Case No. 15-72844 |
| v. ) | |
| ) | Civil Action No. 3:15-cv-3522-WHO |
| UNITED STATES DISTRICT ) | Northern District of California |
| COURT FOR THE NORTHERN ) | |
| DISTRICT OF CALIFORNIA, ) | |
|     Respondent, ) | |
| ) | |
| NATIONAL ABORTION ) | |
| FEDERATION, ) | |
|     Real Party in Interest. ) | |

## PETITIONERS' EMERGENCY MOTION FOR
## STAY OF DISCOVERY PENDING APPEAL

Catherine W. Short
Life Legal Defense Foundation
Post Office Box 1313
Ojai, California 93024-1313
Tel: (707) 337-6880
LLDFOjai@earthlink.net

Thomas Brejcha
Thomas More Society
19 La Salle Street, Suite 603
Chicago, Illinois 60603
(312) 782-1680
tbrejcha@thomasmoresociety.org

D. John Sauer
James Otis Law Group, LLC
231 South Bemiston Ave., Suite 800
St. Louis, Missouri 63105
Tel: (314) 854-1372
jsauer@jamesotis.com

Attorneys for Petitioners
THE CENTER FOR MEDICAL
PROGRESS; BIOMAX
PROCUREMENT SERVICES,
LLC; AND DAVID DALEIDEN

# **CIRCUIT RULE 27-3 CERTIFICATE**

(1) **Contact Information of the Attorneys for the Parties**

    (a) **Counsel for Petitioners/Defendants**

        D. John Sauer (jsauer@jamesotis.com); (314) 854-1372

        Catherine W. Short (LLDFOjai@earthlink.com); (707) 337-6880

        Thomas Brejcha (tbrejcha@thomasmoresociety.org); (312) 782-1680

    (b) **Counsel for Real Party in Interest/Plaintiff**

        Linda E. Shostak (LShostak@mofo.com); (415) 268-7202

        Derek F. Foran (DForan@mofo.com); (415) 268-6323

        Christopher L. Robinson (ChristopherRobinson@mofo.com); (415) 268-6657

        Nicholas S. Napolitan (NNapolitan@mofo.com); (415) 268-6789

(2) **Facts Showing the Existence and Nature of the Emergency**

As explained more fully below, the district court has ordered Petitioners to participate in discovery in advance of a preliminary injunction motion, even though no lawful basis for that discovery exists. The district court's erroneous discovery order seriously and imminently threatens core First Amendment interests, both Petitioners' rights and those of the public. Absent a prompt order staying discovery pending the resolution of this appeal, Petitioners may be compelled to participate in

i

discovery as soon as September 18, 2015, possibly mooting this appeal and depriving Petitioners of critical substantive rights under the anti-SLAPP statute.

(3)     **Notice Provided to Opposing Counsel**

Counsel for Petitioners provided a copy of this Motion to Linda Shostak, Derek Foran, and Christopher Robinson by email and first-class mail on September 14, 2015.

(4)     **Presentation to the District Court**

On August 21, 2015, Counsel for Petitioners requested that the district court stay its discovery order pending appeal. *See* Transcript of Aug. 21, 2015 Hearing, p. 18, lines 13-17, A021.[1]  The district court denied the requested stay.

*/s/ D. John Sauer*

---

[1] For documents included in the Appendix to their Petition for Writ of Mandamus, Petitioners have included citations to the Appendix. All other documents cited in this Motion are attached as exhibits.

ii

Pursuant to Fed. R. App. P. 8, Petitioners The Center for Medical Progress; Biomax Procurement Services, LLC; and David Daleiden (together, "CMP") respectfully request that the Court stay all discovery in Case No. 3:15-cv-3522-WHO (currently pending before the United States District Court for the Northern District of California) pending the Court's disposition of CMP's Petition for Writ of Mandamus. In support of this Motion, CMP states the following:

## BACKGROUND

1. In this case, Plaintiff National Abortion Federation ("NAF") seeks injunctive relief prohibiting CMP from speaking publicly on controversial and potentially criminal conduct occurring in the human-tissue-procurement and abortion industries. Plaintiff also seeks monetary damages.

2. CMP's prior speech on these issues has generated a national debate on these practices and has received extensive media attention. CMP's speech also has triggered public interest and investigations on the federal and state levels, leading to the opening of several government investigations into the practices unveiled by CMP.

3. On July 31, 2015, 2015, NAF obtained a temporary restraining order ("TRO") prohibiting CMP from releasing certain videos and other information. *See* Doc. 15 (Order Granting TRO), A114-16.

1

4. On July 31, 2015, NAF moved for an order to show cause for a preliminary injunction that would impose the same restrictions as the TRO currently imposes. *See* Doc. 3, attached as Exhibit 1. The requested preliminary injunction is premised exclusively on claims arising under California law, not federal law. *Id.*

5. On August 3, 2015, the district court ordered expedited discovery relating to the requested preliminary injunction, which discovery was to be completed before Plaintiff filed its motion for preliminary injunction. *See* Doc. 27, at 3, A113.

6. On August 17, 2015, CMP filed a motion to strike under California's "anti-SLAPP" statute, Cal. Civ. Pro. Code § 425.16. Doc. 66-1, A29-105 (anti-SLAPP motion). The anti-SLAPP statute mandates that "[a]ll discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section." Cal. Civ. Pro. Code § 425.16(g).

7. On August 18, 2015, the district court held that the filing of the anti-SLAPP motion did not stay discovery. *See* Doc. 70, p. 2, lines 20-22, attached as Exhibit 2.

8. On August 21, 2015, CMP requested that the district court stay discovery pending appellate review of the district court's order denying the requested stay of discovery. Transcript of Aug. 21, 2015 Hearing, p. 18, lines 13-17, A021; *see also* Fed. R. App. P. 8(a)(1)(A).

9. On August 27, 2015, the district court issued a written order holding that the filing of the anti-SLAPP motion did not stay discovery. Doc. 95, A1-15.

10. On September 14, 2015, CMP filed a Petition for Writ of Mandamus, requesting that the Court direct the district court to stay all discovery pending the disposition of CMP's anti-SLAPP motion, and to rule on the motion for preliminary injunction without conducting discovery.

11. Counsel for NAF indicated that they do not consent to this Motion.

## FACTORS WARRANTING A STAY PENDING APPEAL

12. When considering a stay pending appeal, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Latta v. Otter*, 771 F.3d 496, 498 (2014) (quotation omitted). Here, these factors support granting CMP's requested stay.

13. First, as explained in CMP's Petition for Writ of Mandamus, CMP is likely to succeed on the merits. The district court clearly erred and misapplied Ninth Circuit precedent when it refused to stay discovery under California's anti-SLAPP statute pending disposition of a motion addressing only the legal sufficiency of the allegations in the Complaint. *See* Cal. Civ. Pro. Code § 425.16(g). Moreover, NAF

3

is not entitled to any discovery to support its motion for preliminary injunction, because under any alleged set of facts, the requested preliminary injunction would violate the First Amendment's prohibition against prior restraints on speech. In short, NAF has failed to assert facts that would support a prior restraint. Mandamus relief is proper to halt discovery where the plaintiff will not be entitled to its requested relief, regardless of what information discovery yields. *See*, *e.g.*, *In re Lombardi*, 741 F.3d 888, 895 (8th Cir. 2014) (en banc) (granting mandamus relief and vacating discovery order because plaintiff's complaint should have been dismissed under Rule 12(b)(6)).

14. Second, CMP faces imminent and irreparable harm absent a stay. Absent a stay pending appeal, CMP likely will be compelled to participate in discovery, thereby mooting this appeal and depriving CMP of its substantive rights under California's anti-SLAPP statute. Moreover, NAF's discovery requests implicate critical constitutional interests such as the Fifth Amendment testimonial privilege and the First Amendment right of association. *See Perry v. Schwarzenegger*, 591 F.3d 1126, 1139-41 (9th Cir. 2009).

15. Third, a stay pending appeal will not prejudice NAF, because the parties have stipulated that the TRO shall remain in effect until the district court resolves the NAF's motion for a preliminary injunction. *See* Doc. 34, at 3, ¶ 1, A108.

16. Fourth, the public interest favors granting a stay of discovery pending appeal. CMP's prior speech has contributed significantly to ongoing public and political debates on matters of significant and legitimate public interest. The public and the political branches have a strong interest in CMP's continued contributions to those debates. "The Constitution protects the right to receive information and ideas, and that protection is a necessary predicate to the *recipient's* meaningful exercise of his own rights of speech, press, and political freedom." *Garcia v. Google, Inc.*, 786 F.3d 727, 730 (9th Cir. 2015) (Reinhardt, dissenting from initial denial of emergency rehearing en banc) (quotations omitted). Forcing CMP to undergo baseless and intrusive discovery threatens to coerce CMP into silence, *cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007), depriving the public of important speech on matters of paramount and legitimate interest.

WHEREFORE, CMP respectfully requests that the Court stay all discovery in Case No. 3:15-cv-3522-WHO (currently pending before the United States District Court for the Northern District of California) until the Court has resolved CMP's Petition for Writ of Mandamus.

Date: September 14, 2015

                                              Respectfully submitted,

                                              */s/ D. John Sauer*
                                              D. John Sauer
                                              James Otis Law Group, LLC
                                              231 South Bemiston Ave., Suite 800
                                              St. Louis, Missouri 63105
                                              Telephone: (314) 854-1372
                                              jsauer@jamesotis.com

                                              Catherine W. Short
                                              Life Legal Defense Foundation
                                              Post Office Box 1313
                                              Ojai, California 93024-1313
                                              Telephone: (707) 337-6880
                                              LLDFOjai@earthlink.net

                                              Thomas Brejcha
                                              Thomas More Society
                                              19 La Salle Street, Suite 603
                                              Chicago, Illinois 60603
                                              Telephone: (312) 782-1680
                                              tbrejcha@thomasmoresociety.org

# CERTIFICATE OF SERVICE

      I certify that on September 14, 2015, I caused a true and accurate copy of the foregoing to be served by electronic mail and first-class mail on the following:

Linda A. Shostak
Derek F. Foran
Nicholas Napolitan
Christopher L. Robinson
Morrison & Foerster, LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
LShostak@mofo.com
DForan@mofo.com

*Attorneys for National Abortion Federation*

Jay Alan Sekulow
Stuart J. Roth
Andrew J. Ekonomou
Cecelia N. Heil
Carly F. Gammill
Abigail A. Southerland
Joseph Williams
American Center for Law and Justice
201 Maryland Avenue, NE
Washington, DC 20002
Telephone: (202) 546-8890
asoutherland@aclj.org

Edward L. White III
Erik M. Zimmerman
American Center for Law and Justice
3001 Plymouth Road, Suite 203
Ann Arbor, Michigan 48105
Telephone: (734) 680-8007
ezimmerman@aclj.org

Brian Chavez-Ochoa
Chavez-Ochoa Law Offices, Inc.
4 Jean Street, Suite 4
Valley Springs, California 95252
Telephone: (209) 772-3013
brianr@chavezochoalaw.com

Vladimir F. Kozina
Mayall Hurley, P.C.
2453 Grand Canal Boulevard
Stockton, California 95207
Telephone: (209) 477-3833
vkozina@mayallaw.com

*Attorneys for Troy Newman*

                                               */s/ D. John Sauer*